Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Smith-Harris,<br><br>Plaintiff,<br><br>vs.<br><br>Ally Financial Inc. and A Plus Recovery, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1.     Plaintiff Anita Smith-Harris ("Plaintiff") brings this action against Defendants Ally Financial Inc. ("Ally") and A Plus Recovery, LLC ("APR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., Article 9 of the Uniform Commercial Code, and Arizona common law.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**PARTIES**

4.      Plaintiff is a natural person who at all relevant times resided in Mesa, Arizona.

5.      Plaintiff is allegedly obligated to pay a debt to Ally.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Ally is a Delaware corporation that regularly takes assignment of motor vehicle purchase contracts.

8.      Ally is duly authorized to conduct business in Arizona and does so regularly.

9.      APR is an Arizona limited liability company.

10.     At all relevant times, APR was acting as a repossession agent working at the behest of Ally.

11.     At all relevant times, APR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

12.     APR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13.     On June 7, 2015, Plaintiff purchased a 2015 Chevrolet Equinox (the "Vehicle") from Chapman Chevrolet.

14. Plaintiff purchased the Vehicle for her own personal, family, and household use.

15. The Vehicle constitutes "consumer goods" as defined by A.R.S. § 47-9102(A)(23).

16. Plaintiff purchased the Vehicle on credit.

17. In connection with the transaction, Plaintiff executed a loan agreement.

18. Plaintiff's loan agreement was later assigned to Ally.

19. As part of the agreement, Ally obtained a security interest in the Vehicle.

20. The Vehicle constitutes "collateral" as defined by A.R.S. § 47-9102(A)(12).

21. Ally is a "secured party" as defined by A.R.S. § 44-9102(A)(72).

22. Thereafter, Ally engaged its repossession agents APR to repossess the Vehicle.

23. On the morning of March 1, 2022 at around midnight, APR went to Plaintiff's home to repossess the Vehicle.

24. At this time, the Vehicle was parked inside her closed and locked garage.

25. Plaintiff's garage is attached to her home and leads directly into the dwelling areas in the home.

26. APR broke into her garage and, after shining lights into the garage, located the Vehicle and repossessed it.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## APR

27. Plaintiff repeats and re-alleges each factual allegation contained above.

28. Arizona law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  A.R.S. § 47-9609(B)(2).

29. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

30. A repossession agent breaches the peace if he breaks into a locked area to repossess a vehicle.

31. By breaking into Plaintiff's locked garage to repossess the Vehicle, APR breached the peace.

32. A repossession agent's breach of the peace negates a right to possession.

33. By continuing with the repossession when it had no right to do so, APR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession or no right to possession of the property existed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that APR violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF A.R.S. § 47-9609**
**ALLY**

34.     Plaintiff repeats and re-alleges each factual allegation contained above.

35.     Arizona law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."   A.R.S. § 47-9609(B)(2).

36.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

37.     A repossession agent breaches the peace if he breaks into a locked area to repossess a vehicle.

38.     APR breached the peace by breaking into Plaintiff's locked garage to repossess the Vehicle.

39.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral.

40.     Ally violated A.R.S. § 47-9609(B)(2) when its repossession agents, APR, breached the peace during the repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Ally violated A.R.S. § 47-9609(B)(2);

b) Awarding Plaintiff statutory damages, pursuant to A.R.S. § 47-9625(C)(2);

c) Awarding Plaintiff actual damages, pursuant to A.R.S. § 47-9625(C)(1);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper..

## TRIAL BY JURY

41.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 2, 2023

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff Anita Smith-Harris